IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **KENYETTA WILLIAMS,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**CLARENCE M. KELLEY DETENTION** )<br>**SERVICES, INC., d/b/a FORBES** )<br>**JUVENILE ATTENTION CENTER; and** )<br>**CLARENCE M.KELLEY DETENTION** )<br>**SERVICES OF TOPEKA, L.L.C., d/b/a** )<br>**CLARENCE M. KELLY YOUTH CENTER,** )<br>)<br>Defendants. ) | Case No. 12-4084-RDR |

### MEMORANDUM AND ORDER

Plaintiff alleges race discrimination during her employment by defendants in violation of 42 U.S.C. § 1981, retaliation (including termination of employment) for opposing race discrimination in violation of § 1981, and wrongful discharge for reporting violations of state regulations in contravention of Kansas law. Plaintiff filed this case in July 2012. She alleges that she was terminated on or about August 1, 2010, almost two years before.

Defendants have filed a motion to dismiss pursuant to FED.R.CIV.P. 12(b)(6) arguing that plaintiff's claims should be dismissed under the doctrine of laches. Defendants' motion asserts that plaintiff could have joined two other lawsuits brought by her current counsel on behalf of other employees

against defendants in 2010 (Johnson v. Clarence M. Kelley Detention Servs., Inc., No. 10-2121-CM) and 2011 (Pittman v. Clarence M. Kelley Detention Servs., Inc., No. 11-2151). According to defendants, at one time plaintiff sought to join the other plaintiffs in the Johnson case, but changed her mind and withdrew the request. Defendants assert that this signaled to defendants that plaintiff was not interested in pursuing her claims.

    Defendants contend that they will suffer prejudice from plaintiff's delay in bringing this lawsuit because two key witnesses identified in plaintiff's complaint separated their employment with defendants in 2009 and 2010. Additionally, defendants assert that almost all of plaintiff's co-workers at one facility (now closed) where plaintiff worked until December 2009 will likely be difficult to locate. Defendants contend that the issues in this case are the same as the issues in the other cases brought by plaintiff's counsel and that they will suffer prejudice from having to litigate those matters a third time.

    Defendants do not claim that plaintiff's claims are barred by any statute of limitations.

    Plaintiff argues that her lawsuit is substantially different from the other lawsuits filed against defendants by her counsel because, unlike those lawsuits, her primary claims

involve wrongful acts which occurred after she was transferred from the facility that closed.  She alleges that the plaintiffs in the other lawsuits claimed discrimination because they were not given the opportunity to transfer.

On a motion to dismiss pursuant to Rule 12(b)(6), the court may consider the complaint itself, attached exhibits and documents incorporated into the complaint by reference.  Smith v. U.S., 561 F.3d 1090, 1098 (10th Cir. 2009) cert. denied, 130 S.Ct. 1142 (2010).  The court may also take judicial notice of its own files and records, as well as facts which are a matter of public record.  Tal v. Hogan, 453 F.3d 1244, 1265, n. 24 (10th Cir. 2006) cert. denied, 549 U.S. 1209 (2007).  It is improper, however, for the court to decide the case on facts not pleaded by the plaintiff unless the plaintiff had notice thereof and the opportunity to proceed in accordance with the rules of summary judgment.  FED.R.CIV.P. 12(d).  Nor should the court weigh potential evidence that might be presented.  Smith, 561 F.3d at 1098.

Laches is an equitable defense which is left primarily to the discretion of the court.  Jicarilla Apache Tribe v. Andrus, 687 F.2d 1324, 1338 (10th Cir. 1982).  To invoke the defense, a defendant must show that there has been a lack of diligence by the plaintiff and prejudice to the defendant.  National Railroad Passenger Corp. v. Morgan, 536 U.S. 101, 121-22 (2002); see

also, U.S. v. Rodriguez-Aguirre, 264 F.3d 1195, 1208 (10th Cir. 2001)(requiring a showing of unreasonable delay and material prejudice by the delay).  While the court in Rodriguez-Aguirre, indicated that adherence to relevant statutes of limitations normally will guide courts in applying the doctrine of laches, it also recognized that "in rare cases, . . . a statute of limitations can be cut short by the doctrine of laches."  264 F.3d at 1208.

   Whether this is such a "rare case" as claimed by defendants, requires an examination of factual issues regarding the reasonableness of plaintiff's delay in bringing this lawsuit and the prejudice caused to defendants by that delay. Defendants have made factual assertions as to these issues which are not supported by evidence and which invite the court to decide defendants' Rule 12(b)(6) motion on the basis of matters outside the pleadings.  The court finds that defendants' burden of proof is not met by the bare allegations in the motion and cannot be met upon the pleadings and exhibits before the court under the restrictions of Rule 12.  As the court stated in Advanced Cardiovascular Systems, Inc. v. Scimed Life Systems, Inc., 988 F.2d 1157, 1161 (Fed.Cir. 1993):  "The strictures of Rule 12(b)(6), wherein dismissal of the claim is based solely on the complainant's pleading, are not readily applicable to a determination of laches."

For the above-stated reasons, defendants' motion to dismiss (Doc. No. 8) shall be denied.

**IT IS SO ORDERED.**

Dated this 6th day of December, 2012 at Topeka, Kansas.

                                        s/Richard D. Rogers
                                        United States District Judge